**Harris v 353 W. 117th St. HDFC**

2024 NY Slip Op 30932(U)

March 18, 2024

Supreme Court, New York County

Docket Number: Index No. 160452/2019

Judge: Sabrina Kraus

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. SABRINA B. KRAUS                    PART            57

*Justice*

-------------------------------------------------------------------X

Danny Harris,

Plaintiff,

353 West 117th Street HDFC,

Defendant.

| | |
|---|---|
| INDEX NO. | 160452/2019 |
| MOTION DATE | 3/15/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22-28 were read on this motion to/for                    RESTORE                    .

## BACKGROUND AND ALLEGED FACTS

On or about December 16, 2021, the parties entered into a two attorney so-ordered Stipulation of Settlement (the "Stipulation").

Pursuant to the Stipulation, Defendant was authorized to list the cooperative apartment known and addressed as 353 West 117th Street, Apartment 2B, New York, NY 10026 (the "Apartment") for sale with a licensed real estate broker and execute all agreements and contracts required by said broker to effectuate the same.

Defendant was empowered to accept any bonafide offer that was received for the Apartment and prepare a Contract of Sale for execution by Plaintiffs.

Any proposed Contract of Sale and transfer of the Apartment was subject to the approval of Defendant's Board of Directors.

The Net Proceeds from the eventual sale were to be placed in escrow with Defendant's attorney in its IOLA account, pending further order of this Court or agreement between the parties.

The day after entering into the Stipulation, Defendant alleges it retained the services of Compass to list and market the Apartment for sale. Compass was unable to secure a purchaser for the Apartment.

In August 2022, Defendant retained the services of Brown Harris Stevens to list and market the Apartment for sale.

In or about April 2023, Defendant received an offer to purchase the Apartment. Defendant alleges the potential purchasers disappeared for several months, only to re-enter the picture in July 2023. From July 2023 through September 2023, Defendant negotiated the terms of a proposed Contract of Sale with attorneys for the proposed purchasers. Defendant alleges that the proposed purchasers withdrew their offer to purchase, mainly because of this pending litigation.

The potential purchasers also notified Defendant that there was evidence of water damage to the hallway and kitchen ceiling of the Apartment. Defendant hired licensed who determined that the source of the damage was a water leak originating from the kitchen above. Defendant's contractors made the necessary repairs to abate the source of the leak, performed mold testing, and replaced the hallway and kitchen ceiling.

Defendant alleges that Brown Harris Stevens continued to show the Apartment to prospective purchasers while the work was being performed, but the broker received negative feedback because of the ongoing repairs. At the insistence of the broker, Defendant agreed to place a temporary pause on the listing until the repairs were completed.

In or about February 2024, the repairs to the hallway and kitchen ceiling were completed. Defendant further alleges it made additional improvements in hopes of increasing its marketability, including replacement of the base molding, and painting. Defendant has instructed the Brown Harris Stevens to re-activate the listing and resume showing the Apartment to prospective purchasers.

In reply, Plaintiff's counsel alleges only that he did an internet search on March 10, 2024, which did not indicate that the listing had been reactivated.

## PENDING MOTION

Plaintiff has now moved for an order restoring the action to the calendar and requests to proceed with discovery.

On March 15, 2024, the motion was marked submitted and the Court reserved decision.

For the reasons set forth below, the motion is denied.

## DISCUSSION

Under the terms of the Stipulation, there are only two instances where a party can file a motion seeking to restore this matter to the Court's calendar.

Paragraph 11 of the Stipulation provides "(i)f the parties are unable to reach a settlement with respect to the distribution of the Net Proceeds, then either party may file a Motion seeking to restore this matter to the Court's calendar." However, as the Apartment has yet to sell, there are no Net Proceeds to distribute, and any motion pursuant to Paragraph 11 is thus premature.

Paragraph 12 of the Stipulation provides "(i)n the event of a default or failure of any of the parties and/or Dianne Harris to comply with the terms of this Agreement or their obligations as contained herein, either party may restore and this Court shall enforce the terms, provisions and obligations contained herein."

160452/2019 HARRIS V 353 WEST 117TH STREET HDFC
MOTION NO.002

Page 3 of 4

The motion is supported only by an attorney affirmation submitted which fails to make a *prima facie* showing that Defendant is in default or has failed to comply with the terms of the Stipulation. The fact that the Apartment has not yet been sold does not constitute a default under terms of the Stipulation.

Nor would there be any basis under the terms of the Stipulation to allow for discovery in the event of default.

Based on the foregoing, the motion is denied.

This constitutes the decision and order of the Court.

|  | 3/18/24 |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  | **DATE** |  |  | **HON. SABRINA KRAUS, J.S.C.** |  |  |
| CHECK ONE: | X | CASE DISPOSED |  | NON-FINAL DISPOSITION |  |  |
|  |  | GRANTED | X DENIED | GRANTED IN PART |  | OTHER |
| APPLICATION: |  | SETTLE ORDER |  | SUBMIT ORDER |  |  |
| CHECK IF APPROPRIATE: |  | INCLUDES TRANSFER/REASSIGN |  | FIDUCIARY APPOINTMENT |  | REFERENCE |

160452/2019 HARRIS V 353 WEST 117TH STREET HDFC
MOTION NO.002

[* 4]